HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VENUS FLYNN, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>               Defendants. | CASE NO. 18-5084<br><br>ORDER ON DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT |

This matter comes before the Court on Defendant the United States' Motion to Dismiss Plaintiffs' Amended Complaint. Dkt. 26. Filed on January 31, 2018, this tort case arises out of an auto accident allegedly caused by a federal employee, Beatrice Ashburn, on February 12, 2015. The United States seeks dismissal under Fed. R. Civ. P. 12(b)(1) and (6), arguing that the case is barred by the two year statute of limitations and that the Amended Complaint does not, and cannot, allege facts to establish equitable tolling. The United States also challenges the factual sufficiency of the Amended Complaint as to a common law claim for fraudulent concealment.

As further explained, the fraudulent concealment should be dismissed for failure to state a claim, but the United States' motion should otherwise be denied.

ORDER ON DEFENDANT UNITED STATES OF
AMERICA'S MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT - 1

## I. BACKGROUND

**A. Procedural History.**

On April 25, 2017, Plaintiff Venus Flynn filed a negligence action in Pierce County Superior Court for damages arising out a February 12, 2015 auto accident, naming as defendants Beatrice and "John Doe" Ashburn[1]. W.D.Wash. Cause No. 3:17-cv-05316-RBL, Dkt. 1-2. Ms. Ashburn removed the case on April 28, 2017, averring that at the time of the incident she was an employee of the Federal Deposit Insurance Corporation (FDIC), a federal agency, acting within the course and scope of her employment. *Id.* at Dkt. 1 at 2. The United States substituted itself as a party for Ms. Ashburn and John Doe Ashburn pursuant to 28 U.S.C. § 2679(d)(4). *Id.* at Dkt. 5. On June 14, 2017, the Court dismissed the United States from the case for Ms. Flynn's failure to exhaust administrative remedies under the Federal Tort Claims Act. *Id.* at Dkt. 12, citing 28 U.S.C. § 2675(a).

On May 4, 2017, Ms. Flynn, along with two family members, Autumn Flynn and G.F. (collectively, "the Flynns") filed administrative claims with the FDIC, which denied the Flynns' administrative claims on November 6, 2017. Dkt. 18 at ¶¶7, 8. The Flynns filed this case on January 31, 2018. Dkt. 1.

**B. Amended Complaint.**

1. <u>Factual Allegations.</u>

For purposes of this motion, the following facts alleged in or incorporated by the Amended Complaint are taken as true.

The Flynns sustained harm in a three car chain-reaction accident on February 12, 2015, caused by two other drivers, Ms. Ashburn and Defendant Lorraine Craig. Dkt. 18 at ¶¶10, 12, 13,

---

[1] The complaint also names Jessica Dennis and Eric Ortiz as defendants for damages caused by an unrelated auto accident on May 9, 2014 under the theory that both accidents caused the plaintiff a sustained back/neck injury.

14. Ms. Ashburn, then-employed by a federal agency and acting within the scope of her employment, was not wearing anything to indicate that she was a federal employee, and she made no representations about her federal employment to the Flynns. *Id*. at ¶¶15, 16. Ms. Ashburn was driving an Enterprise rental car. Dkt. 5 at 2.

In February of 2015, counsel to the Flynns contacted Enterprise, and Enterprise directed counsel to Defendant Rental Insurance Services, Inc. (RIS) for its claims handling. Dkt. 5 at 2. RIS, which accepted tender of the Flynns' insurance claims, negotiated the claims on behalf of Ms. Ashburn and the United States. *Id*.; Dkt. 18 at ¶17. On March 18, 2015, RIS sent a letter the Flynns acknowledging its investigation of their claims. Dkt. 1-2 at 2. The letter warns the Flynns: "Under Washington state law, you have three years from the date of the accident to file a lawsuit for bodily injury . . . This means you must settle your claim or file a lawsuit by that date or you will be barred from recovery." *Id*. The Flynns' counsel first learned of Ms. Ashburn's federal employee status on April 16, 2017. *Id*. at ¶21.

2. <u>Parties and claims</u>.

The Amended Complaint names as defendants the United States, liable for its employee, Ms. Ashburn, who is not separately named; Ms. Craig; and RIS. Dkt. 18 at ¶¶2, 3. Damages are sought against the United States under the Federal Torts Claim Act and "RCW 46.61" for the negligent driving by Ms. Ashburn. *Id*. at ¶25. The Prayer for Relief requests: (1) judgment against the defendants for damages from the February 12, 2015 collision, and (2) "application of the doctrine of equitable tolling to allow plaintiffs' claims to proceed against the United States[.]" *Id*. at p. 5.

It is also alleged that the United States and RIS "fraudulently concealed that [Ms.] Ashburn was a federal employee . . . and induced or tricked plaintiffs into believing that claims .

. . fell under Washington State law and its three-year statute of limitations." Dkt. 18 at ¶¶22, 24. The factual basis for this allegation appears to be the March 18, 2015 letter. *See* Dkt. 1-2.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Under Fed. R. Civ. P. 8(a), the plaintiff need only provide a "short and plain statement . . . showing that the pleader is entitled to relief." Material allegations are taken as admitted and the claim is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

A heightened pleading standard applies to fraud claims. Fed. R. Civ. P. 9(b). *Compare to* Fed. R. Civ. P. 8(a). Under Rule 9(b), the plaintiff alleging fraud "must state with particularity the circumstances constituting fraud[.]" The defendant's knowledge or other state of mind "may be alleged generally," Fed. R. Civ. P. 9(b), but allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to

the misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations omitted).

### III. DISCUSSION

The United States makes three arguments, each addressed in turn: (A) the Court lacks jurisdiction because the Complaint was not timely filed within two years of accrual; (B) the Amended Complaint does not state a claim for equitable tolling; and (C) the Amended Complaint does not plead specific facts for a fraudulent concealment against the United States.

**A. Whether the Complaint is untimely, and if so, whether that deprives the Court of its jurisdiction.**

The United States argues that the Court lacks jurisdiction because the Complaint was not timely filed within two years of accrual. Dkt. 26 at 7, 8.

The case accrues when the plaintiff knows or should know of her injury and its immediate cause. *Hensley v. United States*, 531 F.3d 1052, 1056-57 (9th Cir. 2008). In this case, the date of accrual is the date of the underlying auto accident, February 12, 2015. *See* Dkt. 29 at 1, 2. This FTCA case is subject to a two year statute of limitations. The Complaint, filed on January 31, 2018, was therefore not timely filed within two years. The Flynns concede as much. *Id*.

Although the Complaint was not timely filed, "[t]ime and time again, [courts] have described filing deadlines as 'quintessential claim-processing rules'" that "do not deprive a court of authority to hear a case." *U.S. v. Kwai Fun Wong*, 136 S.Ct. 1625, 1643 (2015). The two year statute of limitations of the FTCA, like most time bars, is nonjurisdictional. *Id*. The untimely filing of the Complaint in this case therefore does not deprive this Court of jurisdiction. Dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is not warranted.

1   Nonetheless, although improperly raised as a Fed. R. Civ. P. 12(b)(1) issue, the United
2   States has raised the issue of whether this case should be barred by the statute of limitations. The
3   answer is an affirmative one, unless plausible facts support a theory of equitable tolling.

**B. Whether the Amended Complaint states a claim for equitable tolling.**

The United States argues that the Amended Complaint does not state a claim for equitable tolling. Dkt. 26 at 8-16.

As a threshold matter, addressing the sufficiency of an equitable tolling showing may be better addressed after discovery, rather than at the pleadings stage, where parties may challenge plausibility of alleged facts. Equitable tolling is, in essence, a defense to a statute of limitations affirmative defense. *See* Fed. R. Civ. P. 8(c). Addressing equitable tolling based on the pleadings is atypical; revisiting the issue may be appropriate after some discovery.

The party invoking equitable tolling bears the burden of establishing that she has been pursuing her rights diligently, but that some extraordinary circumstances stood in her way and prevented timely filing. *Gibbs v. Legrand*, 767 F.3d 879, 885-85 (9th Cir. 2014). Equitable tolling is "not available to avoid the consequence of one's own negligence," *Hensley*, 531 F.3d at 1052, and the circumstances must go beyond a "garden variety claim of excusable neglect." *Socop-Gonzalez v. I.N.S.*, 272 F.3d, 1176, 1193 (9th Cir. 2001). The court's equity powers must be exercised flexibly, with care to avoid blind observance to mechanical rules and adherence to the "evils of archaic rigidity." *Holland v. Florida*, 560 U.S. 631, 650 (2010) (internal quotations and citations omitted).

First, making all reasonable factual inferences in favor of the Flynns, they have met their burden at this stage to show diligence. The procedural history points to diligence by counsel. Counsel contacted Enterprise within several weeks of the auto accident, and at Enterprise's directive, counsel followed through with RIS to resolve claims short of formal litigation. RIS

informed counsel of a three-year timeframe to resolve the claims, and after informal negotiations failed, but within three years of the auto accident, counsel filed a complaint in state court. After counsel became aware from opposing counsel that Ms. Ashburn was a federal employee, counsel simultaneously pursued the state court case, which was removed, and a federal administrative claim. After the federal administrative claim was exhausted, counsel filed another complaint to commence this case.

The United States argues that counsel was not diligent in pursuing discovery in the first two years after the auto accident, because any reasonably diligent attorney would have at least requested documents such as the rental car agreement, which plainly reveal that Ms. Ashburn was a federal employee. *See* Dkt. 27-1 at 2. But as the Flynns point out, prior to formal litigation, any request for discovery to RIS from the Flynns would not have been unenforceable at law. The United States' argument also cuts against the United States. If RIS had this knowledge, RIS arguably should have disclosed that information to the Flynns, or, at a minimum, at least avoided making an incorrect representation about the applicability of a three year statutory period.

Second, making all factual inferences in favor of the Flynns, they have also met their burden at this stage to show extraordinary circumstances. RIS was allegedly positioned to have, if it did not have actual knowledge of, Ms. Ashburn's status as a federal employee, unlike the Flynns, who sustained alleged harm from Ms. Ashburn, a complete stranger. Nothing about the location of the accident or about Ms. Ashburn's person, e.g., a uniform or other insignia, revealed her federal employee status, unlike in *Hensley*, where the underlying accident occurred on a military base and the other driver was in inform. *Hensley*, 531 F.3d at 1058. And importantly, unlike in *Hensley*, in this case, the Flynns relied at least in part on an affirmative representation made to them.

The facts alleged and incorporated by the pleadings point to a plausible theory sufficient to invoke the doctrine of equitable tolling: counsel was induced to file the claims based on the misrepresentation of RIS, who was negotiating the claims on behalf of Ms. Ashburn and the United States, and at had at least superior access to, if not actual knowledge of, relevant information. There are a myriad of ways the Flynns' equitable tolling theory could fall apart, depending on the outcome of discovery, but for now, the showing is sufficient.

**C. Whether the Amended Complaint pleads sufficient facts for fraudulent concealment by the United States.**

The Flynns have not anywhere defended their claim for fraudulent concealment against the United States, and it appears that they have abandoned the claim, except insofar as fraudulent concealment relates to their request for equitable tolling. *See* Dkt. 29 at 3, ln. 16-18. The Flynns' failure to oppose dismissal should be construed as their admission that the motion to dismiss has merit. *See* W.D.Wash. Local Court Rule 7(b)(2). Dismissal is warranted on that basis alone.

Even were the fraudulent concealment claim not abandoned, the Amended Complaint does not allege sufficient facts for a stand-alone claim against the United States sufficient to overcome the heightened pleading standard of Fed. R. Civ. P. 9(b). The Amended Complaint conclusorily alleges that the United States and RIS "fraudulently concealed that [Ms.] Ashburn was a federal employee until after the 2-year statute of limitations," Dkt. 18 at ¶22, but nowhere else articulates the "who, what, when, where, and why" of conduct by the United States. The theory is, ostensibly, that the United States is liable for RIS' misrepresentation, *see* Dkt. 1-2, but RIS is not an employee of the United States, and the United States has not waived its sovereign immunity as to independent contractors generally. 28 U.S.C. § 2680(a). The Amended Complaint alleges no other plausible theory of liability for fraudulent concealment by the United States.

Without prejudice to the Flynns' ability to develop their equitable tolling defense, to the extent the Amended Complaint pleads a claim for fraudulent concealment by the United States, the claim should be dismissed for failure to state a claim.

### IV. CONCLUSION

Defendant the United States of America's Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 26) is **GRANTED IN PART** as to the claim against the United States of America for fraudulent concealment, which is **HEREBY DISMISSED** pursuant to W.D.Wash. Local Court Rule 7(b)(2) and Fed. R. Civ. P. 12(b)(6).

The motion is **OTHERWISE DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

IT IS SO ORDERED.

Dated this 28th day of June, 2018.

Ronald B. Leighton
United States District Judge