HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VENUS FLYNN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RENTAL INSURANCE SERVICES INC, et al., <br><br> Defendants. | CASE NO. C18-5084 RBL <br><br> ORDER ON DEFENDANT RENTAL INSURANCE SERVICES, INC.'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND 9(B) |

THIS MATTER comes before the Court on Defendant Rental Insurance Services, Inc.'s Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Dkt. 28. Initiated on January 31, 2018, this tort case arises out of a February 12, 2015 auto accident allegedly caused by a federal employee. RIS insured Enterprise, the car rental company used by the federal employee, and allegedly made a misrepresentation to the plaintiffs about the applicable statute of limitations. As discussed below, RIS' motion to dismiss should be granted in part, on two grounds: (1) FTCA claims alleged against RIS which should be dismissed, and (2) claims that sound in fraud should be dismissed for failure to state a claim under the heightened pleading standard of Fed. R. Civ. P. 9(b). RIS' motion should be denied in part as to the claim for negligent misrepresentation.

ORDER ON DEFENDANT RENTAL INSURANCE
SERVICES, INC.'S MOTION TO DISMISS
AMENDED COMPLAINT PURSUANT TO FRCP
12(B)(6) AND 9(B) - 1

# I. BACKGROUND

**A. Procedural History.**

On April 25, 2017, Plaintiff Venus Flynn filed a negligence action in Pierce County Superior Court for damages arising out a February 12, 2015 auto accident, naming as defendants Beatrice and "John Doe" Ashburn[1]. W.D.Wash. Cause No. 3:17-cv-05316-RBL, Dkt. 1-2. Ms. Ashburn removed the case on April 28, 2017, averring that at the time of the incident she was an employee of the Federal Deposit Insurance Corporation (FDIC), a federal agency, acting within the course and scope of her employment. *Id*. at Dkt. 1 at 2. The United States substituted itself as a party for Ms. Ashburn and John Doe Ashburn pursuant to 28 U.S.C. § 2679(d)(4). *Id*. at Dkt. 5. On June 14, 2017, the Court dismissed the United States from the case for Ms. Flynn's failure to exhaust administrative remedies under the Federal Tort Claims Act. *Id*. at Dkt. 12, citing 28 U.S.C. § 2675(a).

On May 4, 2017, Ms. Flynn, along with two family members, Autumn Flynn and G.F. (collectively, "the Flynns") filed administrative claims with the FDIC, which denied the Flynns' administrative claims on November 6, 2017. Dkt. 18 at ¶¶7, 8. The Flynns filed this case on January 31, 2018. Dkt. 1.

**B. Amended Complaint.**

1. <u>Factual Allegations.</u>

For purposes of this motion, the following facts alleged in or incorporated by the Amended Complaint are taken as true.

---

[1] The complaint also names Jessica Dennis and Eric Ortiz as defendants for damages caused by an unrelated auto accident on May 9, 2014 under the theory that both accidents caused the plaintiff a sustained back/neck injury.

1 | The Flynns sustained harm in a three car chain-reaction accident on February 12, 2015, caused by two other drivers, Ms. Ashburn and Defendant Lorraine Craig. Dkt. 18 at ¶¶10, 12, 13, 14. Ms. Ashburn, then-employed by a federal agency and acting within the scope of her employment, was not wearing anything to indicate that she was a federal employee, and she made no representations about her federal employment to the Flynns. *Id*. at ¶¶15, 16. Ms. Ashburn was driving an Enterprise rental car. Dkt. 5 at 2.

In February of 2015, counsel to the Flynns contacted Enterprise, and Enterprise directed counsel to RIS for its claims handling. Dkt. 5 at 2. RIS, which accepted tender of the Flynns' insurance claims, negotiated the claims on behalf of Ms. Ashburn and the United States. *Id*.; Dkt. 18 at ¶17. On March 18, 2015, RIS sent a letter the Flynns acknowledging its investigation of their claims. Dkt. 1-2 at 2. The letter warns the Flynns: "Under Washington state law, you have three years from the date of the accident to file a lawsuit for bodily injury . . . This means you must settle your claim or file a lawsuit by that date or you will be barred from recovery." *Id*. The Flynns' counsel first learned of Ms. Ashburn's federal employee status on April 16, 2017. *Id*. at ¶21.

2. <u>Parties and claims.</u>

The Amended Complaint names as defendants the United States, liable for its employee, Ms. Ashburn, who is not separately named; Ms. Craig; and RIS. Dkt. 18 at ¶¶2, 3. According to the "Claims" portion of the Amended Complaint, RIS is liable for damages "under RCW 46.61 and/or Washington common law." *Id*. at ¶26. The Prayer for Relief requests: (1) judgment against the defendants for damages from the February 12, 2015 collision, and (2) "application of the doctrine of equitable tolling to allow plaintiffs' claims to proceed against the United States[.]" *Id*. at p. 5.

1         According to the Flynns, the Amended Complaint alleges three common law causes of
action against RIS: fraud, fraudulent concealment, and negligent misrepresentation. Dkt. 30 at 3.
In support of these three claims, the Amended Complaint alleges that the United States and RIS
"fraudulently concealed that [Ms.] Ashburn was a federal employee . . . and induced or tricked
plaintiffs into believing that claims . . . fell under Washington State law and its three-year statute
of limitations." Dkt. 18 at ¶¶22, 24. Particular to RIS, it is also alleged that RIS "negligently
represented to plaintiffs that their claims against [Ms.] Ashburn were subject to Washington law
and that they had three years . . . to settle or file a lawsuit[.]" *Id*. at ¶23. The factual basis for
these allegations appears to be the March 18, 2015 letter. *See* Dkt. 1-2.

## II. LEGAL STANDARD

        Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Under Fed. R. Civ. P. 8(a), the plaintiff need only provide a "short and plain statement . . . showing that the pleader is entitled to relief." Material allegations are taken as admitted and the claim is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

A heightened pleading standard applies to fraud claims. Fed. R. Civ. P. 9(b). *Compare to* Fed. R. Civ. P. 8(a). Under Rule 9(b), the plaintiff alleging fraud "must state with particularity the circumstances constituting fraud[.]" The defendant's knowledge or other state of mind "may be alleged generally," Fed. R. Civ. P. 9(b), but allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations omitted).

### III. DISCUSSION

**A. Whether the FTCA claims against RIS should be dismissed.**

The Amended Complaint alleges that RIS acted "as agent of [Ms.] Ashburn and her employer FDIC." Dkt. 18 at ¶17. Because the FDIC is a federal agency, the Amended Complaint has in essence alleged that RIS acted on behalf of the United States. This should be construed as a claim against the United States. However, the FTCA only waives the United States' sovereign immunity as to harm caused "by the negligent or wrongful act . . . of any <u>employee</u> . . . while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1) (emphasis added). The FTCA waives sovereign immunity based on an employment relationship, not an agency relationship. The Amended Complaint does not allege that RIS is an employee of the United States. The FTCA is inapplicable to RIS.

In their Response, the Flynns argue that they are "not making FTCA claims against RIS individually or as an agency of the federal government." Dkt. 30 at 2. It is unclear what kind of FTCA claim could otherwise be alleged. If the Flynns characterize RIS' agency relationship with

the United States as that of an independent contractor, such a claim could not typically be brought under the FTCA. 28 U.S.C. § 2680. If the Flynns name RIS solely as a means of bootstrapping the doctrine of equitable tolling in claims against the United States, RIS need not be named as a party.

In sum, there is no plausible FTCA claim to be sustained against RIS. RIS is not an employee of the United States, and if RIS is an independent contractor, its conduct does not waive the United States' sovereign immunity, but if it did, the United States, not RIS, would be liable. To the extent the Amended Complaint alleges FTCA claims against RIS, the claims should be dismissed for failure to state a claim.

**B. Whether the claims that sound in fraud should be dismissed for failure to state a claim and plead with particularity under Fed. R. Civ. P. 9(b).**

RIS has challenged the factual sufficiency of the Flynns' fraud and fraudulent concealment claims. Dkt. 28 at 10; Dkt. 31 at 3. In response, the Flynns make no clear attempt to point to their fraud claims' particularity, defending only their claim for negligent misrepresentation. *See* Dkt. 30 at 3-5. The Flynns' (lack of) response supports RIS' assertion that fraud was alleged only to support a theory for equitable tolling, not stand-alone claims. *See* Dkt. 18 at ¶¶22, 24, p. 5. The Court agrees, and need not belabor analysis of all nine fraud elements. Additional facts about the circumstances of RIS' fraud need to be alleged to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). The Amended Complaint does not state a claim sounding in fraud against RIS for fraud or fraudulent concealment, and the claims should be dismissed for failure to state a claim.

ORDER ON DEFENDANT RENTAL INSURANCE
SERVICES, INC.'S MOTION TO DISMISS
AMENDED COMPLAINT PURSUANT TO FRCP
12(B)(6) AND 9(B) - 6

**C. Whether the claim for negligent misrepresentation should be dismissed for failure to state a claim.**

Washington has adopted the definition of negligent misrepresentation set forth in the § 552 in the *Restatement (Second) of Torts*, which reads:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Lawyers Title Ins. Corp. v. Baik*, 147 Wn. 2d 536, 545 (2002), quoting *Restatement (Second) of Torts* § 552(1) (1977). Applied here, the Amended Complaint states a prima facie negligent misrepresentation claim: The March 18, 2015 letter was issued by RIS on its letterhead and supplied to the Flynns for their guidance, where it states, "you have three years . . . to file a lawsuit . . . This means you must settle your claim or file a lawsuit . . . or you will be barred from recovery." The Flynns relied on that letter, to their detriment, by filing suit less than three years, but more than two years, from the date of the auto accident, under circumstances where RIS knew or should have known that Ms. Ashburn was a federal employee.

RIS argues that the Amended Complaint cannot state a cognizable theory for negligent misrepresentation because RIS had no duty to the Flynns, the recipients of the March 18, 2015 letter wrongly informing them that a three-year statute of limitations applied. Dkt. 28 at 8-10; Dkt. 31 at 4, 5. According to RIS, which administered insurance claims on behalf of Enterprise, neither a fiduciary insurer-insured relationship nor any other type of special relationship applies, so RIS owed no affirmative duty to the Flynns. *Id*. This argument is unpersuasive, because it lacks authority at law. As a starting point, RIS' argument is not supported by *Baik*, the

Washington State Supreme Court case adopting § 552 and discussing its discrete elements at length. *See discussion*, *Baik*, 147 Wn. 2d at 548-550.

Furthermore, in support of its argument that a fiduciary duty or special relationship must exist, RIS relies on inapplicable authority. RIS leans mostly heavily on *Tank v. State Farm Fire & Cas. Co.*, 105 Wn. 2d 381 (1996). *See* Dkt. 28 at 9; Dkt. 31 at 4. In *Tank*, the court addressed the issue of whether a "third party claimant who was injured by the insured [may] bring a cause of action against the insurer[,]" answering the question in the negative. *Id*. at 391. Although the court framed its issue broadly, the express holding of the case is far narrower, where the court held: "We hold that third party claimants may not sue an insurance company directly for alleged breach of duty of good faith under a liability policy." *Id*. *Tank* is easily distinguished, because this case does not arise out of an alleged breach of a liability policy, and the Amended Complaint alleges a common law claim for negligent misrepresentation, not breach of any owed duty of good faith.

RIS makes a second argument, that "Plaintiffs cannot establish . . . that their reliance on the information supplied by RIS was justified, that is, that reliance was reasonable[.]" Dkt. 31 at 5. RIS also argues that RIS was not in a position to know whether Ms. Ashburn was operating within the scope of her employment at the time of the accident. Dkt. 28 at 10. Neither argument addresses the sufficiency of the pleadings, the issue before the Court.

The Amended Complaint states a claim for negligent misrepresentation, which should not be dismissed.

## IV. CONCLUSION

Defendant Rental Insurance Services, Inc.'s Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (Dkt. 28) is **GRANTED IN PART** as to (1) any

FTCA claims alleged against RIS, which are **HEREBY DISMISSED** for failure to state a claim, and (2) claims against RIS that sound in fraud, which are **HEREBY DISMISSED** for failure to state a claim.

The motion is **DENIED IN PART** as to the claim for negligent misrepresentation.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

IT IS SO ORDERED.

Dated this 28th day of June, 2018.

Ronald B. Leighton
United States District Judge